IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. A-13-CR-217 LY |
| | § | |
| MISAEL REYES | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on February 26, 2014, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On May 28, 2003, the Defendant was sentenced by Judge Joseph Bataillon of the District of Nebraska to 120 months in prison, and five years of supervised release, for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. The Defendant was released from the Bureau of Prisons and began supervision on June 10, 2011. He has resided in and been supervised by this district since his release. Jurisdiction over his case was transferred to Judge Yeakel in April 2013.

The Defendant's adjustment to supervision was largely positive for the first two years of supervision. The Defendant had stable employment, reported as directed, followed all of the instructions of the Probation Office, and never tested positive for the use of drugs. However, on March 28, 2013, Reyes was arrested by the Pflugerville Police Department and charged with driving while intoxicated and leaving the scene of an accident. In brief, Reyes was involved in a collision and left the scene, but the bumper of his vehicle remained at the scene, and officers arrested him at his home. He admitted to having left the scene, and when tested twice with a breathalyzer, he recorded a blood alcohol content of 0.198 and 0.191. Based on the arrest, in May 2013, the Probation Office submitted its petition, and on May 14, 2013, the undersigned authorized the issuance of a warrant. The Defendant was arrested on the warrant on May 21, 2013. A hearing was held on May 24, 2013, at which all parties agreed to postpone any hearing on the petition pending the resolution of the state court case. Reyes was instructed to comply with all of the conditions of his state court bond, and also to participate in the Probation Office's in-house, 7-week substance abuse counseling program.

On February 10, 2014, Reyes pled guilty to the DWI and leaving the scene charges, and was sentenced to 60 days of intermittent confinement. The Court was subsequently notified that the state charges had been resolved, and a final hearing was then scheduled on the Probation Office's petition in this case.

On February 25, 2014, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant

pleaded "True" to the allegation that he had consumed alcohol to excess, and had committed a new criminal offense.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the petition.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14. The Defendant violated conditions of his supervised release by consuming an excessive amount of alcohol and committing a new criminal offense.

### III.  RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant, and has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation would be is a Grade C, and the Defendant's criminal history category is II, resulting in an (advisory) guideline range of 4 to 10 months of imprisonment.

As noted earlier, for two years the Defendant did well on supervision. Further, since the time of the May 2013 hearing, the Defendant has complied with all of his conditions, successfully completed the Probation Office's 7-week course, as well as the alcohol education class required by the state authorities. He is employed and has a stable residence. Further, his term of supervision does not expire until June 2016. The Court thus believes that the Defendant should be continued on supervision, with a modification to his supervision conditions requiring that he abstain from all consumption of alcohol.

**ACCORDINGLY IT IS RECOMMENDED** that the Defendant be **CONTINUED** on supervised release, with the following modification of his conditions of supervision:

1.	The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of February, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE